**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Daniel Wilmoth,          ) | No. CV 03-0795-PHX-MHM (JI) |
|                                            ) | |
| Petitioner,          ) | |
|                                            ) | **ORDER** |
| vs.                                      ) | |
|                                            ) | |
|                                            ) | |
| Dora B. Schriro, et al.,          ) | |
|                                            ) | |
| Respondents.          ) | |
|                                            ) | |
| _____) | |

On March 22, 2006, plaintiff filed a *pro se* Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. # 1). The matter was referred to United States Magistrate Judge John R. Irwin, who issued a Report and Recommendation recommending that the Court (1) deny and dismiss ground One of the Petition with prejudice, and (2) deny the remainder of the Petition. Plaintiff filed written objections to the Report and Recommendation (Dkt. # 59).

**STANDARD OF REVIEW**

The Court reviews the legal analysis in the Report and Recommendation *de novo* and the factual analysis *de novo* for those facts to which objections are filed, and for clear error for those facts to which no objections are filed. See 28 U.S.C. § 636(b)(1)(C). United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

**DISCUSSION**

**I. Exhaustion Requirement**

The relevant authority is as follows. To petition for a writ of habeas corpus in federal court, a state prisoner must first exhaust his remedies in the state courts. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The burden is on the Petitioner to show that he has properly exhausted. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam), cert. denied, 455 U.S. 1023 (1982).

To satisfy the exhaustion requirement under Arizona state law, a petitioner must either raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief ("PCR") pursuant to Rule 32 procedure. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). Only one of those avenues of relief must be exhausted before bringing a habeas petition in federal court. "In cases not carrying a life sentence or the death penalty, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (quoting Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

Claims must not only be raised in the proper forum, but must be "fairly presented." That is, Petitioner must provide the state court with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; Picard v. Connor, 404 U.S. 270, 276-77 (1971). To satisfy the "fair presentment" prong, petitioner must present both the operative facts and the federal legal theory on which the claim is based to the state's highest court. See Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 1149 (9th Cir. 2007)). It is important to note that a petitioner's allusion to "broad constitutional principles, such as due process, equal protection, and the right to a fair trial" in their state court pleadings is not sufficient to establish that a federal constitutional claim was fairly presented to the state courts. Castillo, 399 F.3d at 999 (internal citations omitted). However, "state and federal courts are jointly responsible for the enforcement of federal constitutional guarantees," and

"for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003).

The Supreme Court has emphasized that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged federal constitutional errors. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). If a petitioner fails to present a claim based on a violation of a specific federal constitutional right, as opposed to the violation of a state constitutional right, state rule, or state law, it has not been "fairly presented" to the state court. See id., 541 U.S. at 33. In essence, a federal habeas petitioner has not exhausted his state remedies if he still has the right to raise the claim "by any available procedure" in state court. 28 U.S.C. § 2254(c).

Procedural default may occur when a petitioner has never presented a federal claim in state court and is now barred from doing so by the state's procedural rules. See id., 489 U.S. at 351-52; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default may also occur when a petitioner presents a claim to a state court, but the state court did not address the merits of the claim because petitioner failed to follow a state procedural rule. See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).

A petitioner who has procedurally defaulted in state proceedings may not raise the claim in federal habeas unless the petitioner can demonstrate a miscarriage of justice, show cause and prejudice, or show actual innocence that would excuse the default. See Coleman, 501 U.S. at 750-51; Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994). The standard for "cause and prejudice" is one of discretion, it is intended to be flexible and yielding to exceptional circumstances only. See Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac,

456 U.S. 107, 134 n.43 (1982); and Thomas, 945 F.2d at 1123 n.10.  However, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  See Murray v. Carrier, 477 U.S. 478, 496 (1986) (emphasis added).

In the instant case, the Court must determine if Petitioner properly exhausted (1) his equal protection claim and (2) his due process claim.  Respondents argue that the equal protection aspect of Petitioner's Second Amended Petition, was not properly exhausted. This Court agrees, Petitioner did not fairly present his equal protection claim to the State of Arizona's highest court, since, he has not previously claimed that his federal equal protection rights were violated by the alleged pre-sentence report error.[1]  Having failed to properly exhaust his available state remedies, Petitioner has "procedurally defaulted" and is now barred from seeking habeas relief for this claim.  Reed, 468 U.S. 1, 11 (1984).  Furthermore, Petitioner has not presented evidence in either his Petition for Writ of Habeas Corpus or in his Objections to the Magistrate Judge's Report and Recommendation that shows a miscarriage of justice, cause and prejudice, or actual innocence that would permit the Court to overlook the fact that his claim was not properly exhausted.  Accordingly, the Court dismisses petitioner's equal protection claim with prejudice.

This Court must next determine whether Petitioner's due process claim was properly exhausted.  Respondents argue Petitioner's due process claim was not fairly presented.  Respondents contend that the petition did not "contain a single federal citation" and only made a "vague, generalized appeal to due process."  This Court disagrees.  Petitioner cites to state authorities, and those state authorities were based on concepts of federal due process.[2]

---

[1] *See* Exhibit H, PCR Petition at 4 (making "due process" claim only); Exhibit J, Pet. Rev. To Az. Ct. App. at 3 (same); Exhibit J, Pet. Rev. To Az. Sup. Ct. at 3 (same).

[2] *See* Exhibit H, PCR Petition at 4; Exhibit J, Pet. For Rev. To Az. Ct. At 2; Exhibit J, Pet. For Rev. To Az. Sup. Ct. At 2. *See also* Exhibit K, PCR Reply at 2-3; Exhibit I, Order 12/4/200 at 3.

- 4 -

1  Petitioner's actions clearly meet the standard provided in <u>Lampert</u>, permitting a prisoner to
2  use state cases when analyzing federal issues.  See <u>Above</u>, <u>Peterson v. Lampert</u>, 319 F.3d
3  1153, 1158 (9th Cir. 2003).  Furthermore, Petitioner explicitly referenced the Fourteenth
4  Amendment in conjunction with his citations to state cases.[3]  <u>See</u> <u>Hiivala v. Wood</u>, 195 F.3d
5  1098, 1106 (9th Cir. 1999); <u>Castillo v. McFadden</u>, 399 F.3d 993, 1001 (9th Cir. 2005); and
6  <u>Johnson v. Zenon</u>, 88 F.3d 828 (9th Cir. 1996).

**II.  Merits of Due Process Claim**

Finding that Petitioner did exhaust, this Court must determine whether Petitioner is entitled to relief on the merits of the Due Process claim in his Second Amended Petition. Petitioner argues that inaccurate information formed the basis of his sentence, which thereby violated his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution.

Petitioner's due process claim finds its roots in <u>Townsend v. Burke</u>, 334 U.S. 736 (1948).  In <u>Townsend</u>, the sentencing court relied upon prior charges which either did not involve the defendant or on which he had been acquitted.  The Court found that such a result was inconsistent with due process, and the conviction could therefore not stand.  *Id*. at 741. However, <u>Townsend</u> also noted that due process is not implicated by every factual error at sentencing.  <u>Townsend</u>, 334 U.S. at 741.  Indeed, in <u>U.S. v. Tucker</u>, 404 U.S. 443 (1972), the Supreme Court held that it is only improper to sustain a sentence when it is upon "misinformation of <u>constitutional magnitude</u>."    *Id*. at 447. (emphasis added).

In the context of such cases, Petitioner's claim lacks merit because the inclusion of incorrect information in a sentencing report is not by itself sufficient to violate due process. Petitioner must also establish that the "challenged information demonstrably made the basis for the sentence."  <u>Jones v. U.S.</u>, 783 F.2d 1477,1480 (9th Cir. 1986).  To determine whether

---

[3]Exhibit H, Petition for Post-Conviction Relief. Exhibit J, Petition for Review to the Arizona Court of Appeals at ¶ IV and Exhibit J, Petition  for Review to Arizona Supreme Court at ¶ III.

- 5 -

1  the challenged information demonstrably made the basis for the sentence, the Court may look
2  at numerous factors, including "the judge's own recollection." Farrow v. U.S., 580 F.2d 1339
3  (9th Cir. 1978).  Furthermore, the Ninth Circuit has previously instructed lower courts to
4  "affirm a sentence where the trial judge disavows reliance on the challenged sentencing
5  information." Jones, 783 F.2d at 1481.

6        In the instant case, the trial judge and the PCR judge were the same.  At the PCR
7  hearing, the judge wrote that "[t]he Court did not rely upon the erroneous information."
8  (Exhibit I, Order 12/6/00 at 3).  Such a determination by a sentencing Judge bears great weight.
9  Against this weight, Petitioner has provided only scant circumstantial evidence to support his
10 claim that the trial judge relied on the erroneous information. Without more, this Court will not
11 second guess the trial court's credibility.  "We must take such statements at face value because
12 if we do not do so, we will have abandoned our reliance on the good faith of our district court
13 judges." U.S. v. Gonzales, 765 F.2d 1393, 1397 (9th Cir. 1985).

14       Ultimately, the Court must determine whether the state trial court was unreasonable in
15 not relying on the sentencing recommendation of the officer.  Federal courts are only
16 authorized to grant habeas relief in cases where the state-court decision "was based on an
17 unreasonable determination of the facts in light of the evidence presented in the State court
18 proceeding." 28 U.S.C. §2254(d)(2). In essence, "a federal court may not second-guess a state
19 court's fact-finding process unless, after review of the state-court record, it determines that the
20 state court was not merely wrong, but actually unreasonable." Taylor v. Maddox, 366 F.3d
21 992, 999 (9th Cir. 2004).  As such, this Court finds that the conclusion of non-reliance is well
22 supported by the record.[4] (Exhibit I, Order 12/6/00 at 3-4).  Furthermore, the Court agrees with
23 the Magistrate Judge that the circumstantial arguments presented by Petitioner were not so
24 compelling as to preclude reasonable judicial officers from adopting the conclusion reached

---

[4] It is noted that the trial court took great pains to enunciate the aggravating and mitigating factors relied upon in pronouncing sentence.  (Exhibit I, Order 12/6/00 at 3-4).

- 6 -

1 by the trial court. Thus, this Court finds that the state court was not unreasonable in coming
2 to its determination regarding the use of the pre-sentence report.[5]

3 The Petitioner has made additional claims that this Court is unable to review, since a
4 federal court will only review for federal constitutional errors. Petitioner's remaining
5 arguments are made under the State of Arizona's sentencing laws, and this Court will not
6 review such claims.

7 Having determined that the trial court's decision was not unreasonable, this Court finds
8 no basis for relief under the Due Process Clause.

### III.  Merits of *Apprendi, Ring,* and *Blakely* Claim

Petitioner argues, in Ground 2 of his petition, that his sentence was made in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Ring v. Arizona</u>, 536 U.S. 584 (June 24, 2002), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), because he was sentenced to an aggravated sentence based on the trial judge's findings of aggravating factors, other than prior convictions, which were not presented to a jury. (2nd Amended Petition, #35 at 6e).

The question remains whether Petitioner is entitled to apply the relevant cases to his case under the principle of retroactivity. Decisions establishing new rules of criminal procedure are generally not to be applied retroactively on habeas review. <u>Teague v. Lane</u>, 489 U.S. 288, 308-310 (1989). The Ninth Circuit and the Supreme Court determined that <u>Apprendi</u>, 530 U.S. 466 (2000), <u>Ring</u>, 536 U.S. 584 (June 24, 2002), and <u>Blakely</u>, 542 U.S. 296 (2004) establish new procedural rules of law. <u>See</u> <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005) (discussing <u>Blakely</u>); <u>Reynolds v. Cambra</u>, 290 F.3d 1029, 1030 (9th Cir. 2002) (discussing <u>Apprendi</u>); <u>Summerlin v. Schriro</u>, 542 U.S. 348 (2004) (discussing <u>Ring</u>). Furthermore, <u>Apprendi</u>, <u>Ring</u>, and <u>Blakely</u> may not be applied retroactively to cases on collateral review that were finalized at the time these decisions were rendered by the United

---

[5]The Court agrees with the Magistrate Judge that it would not be illogical for the trial court to have placed significant weight on testimony as to Petitioner's assistance, while at the same time not relying on the officer's recommendation for a maximum sentence.

- 7 -

1  States Supreme Court.  See Schardt, 414 F.3d at 1025 (discussing Blakely); Reynolds, 290
2  F.3d at 1030 (discussing Apprendi); Summerlin, 542 U.S. at 348 (discussing Ring).

3  As such, Petitioner's claim turns upon when his sentence became final for purposes of
4  retroactivity.  "A state conviction and sentence become final for purposes of retroactivity
5  analysis when the availability of direct appeal to the state courts has been exhausted and the
6  time for filing a petition for a writ of ceritorari has elapsed or a timely filed petition has been
7  finally denied." Caspari v. Bohlen, 510 U.S. 383, 390 (1994).

8  Petitioner claims he is not barred by principles of non-retroactivity, because his PCR
9  appeal was still pending at the time Apprendi and Ring were decided. (Supplemental Answer,
10  #43 at 5-7).  Furthermore, Petitioner argues that Blakely was not a new rule of law, but was
11  merely an application or clarification of Apprendi and Ring.

12  The rule stated in Apprendi is that "[o]ther than the fact of a prior conviction, any fact
13  that increases the penalty for a crime beyond the prescribed statutory maximum must be
14  submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.  The
15  relevant statutory maximum for Apprendi purposes is the absolute maximum reflected in the
16  statute that a judge may impose based solely on the facts reflected in the jury verdict or
17  admitted by the defendant.  To this end, Petitioner's sentence was not beyond the statutory
18  maximum as established by Apprendi. Thus, that rule affords him no relief.  This Court also
19  agrees with the Magistrate Judge that Petitioner's argument relating to Blakely is foreclosed
20  by the Ninth Circuit's decision in Schardt v. Payne, 414 F.3d 1025 (9thCir. 2005). In Schardt,
21  a petitioner argued, as in the instant case, that Blakely did not announce a new rule and simply
22  applied the rule set forth in Apprendi.  However, the Ninth Circuit disagreed, holding that
23  Blakely announced a new rule and was not simply an application of Apprendi, and only
24  sentences imposed after Blakely would get the benefit of its protection on habeas review.

25  Ring applied the principle established in Apprendi to a death sentence imposed under
26  Arizona's sentencing scheme. The Court concluded that the Arizona law authorizing the death
27  penalty if an aggravating factor was present also required the existence of such a factor to be

28

- 8 -

1  submitted to a jury. Ring v. Arizona, 536 U.S. at 603-609 (2002). Petitioner argues that
2  Ring's holding, focusing on aggravating circumstances, is much closer to Blakely than
3  Apprendi, and that he should be entitled to the retroactive application of Apprendi based upon
4  Ring. However, this Court disagrees. As previously stated, the cases relied upon in Schardt
5  foreclosed Petitioner's use of Ring. This Court is not free to disregard the holding of Schardt.
6  Schardt, 414 F.3d at 1035. Thus, the rule in Ring does not provide a favorable resolve to
7  Petitioner's habeas claim.

8  In the instant case, direct review of Petitioner's claims by the state courts terminated on
9  July 18, 2002. (Petitioner's Appendix, #4, Exhibit 16, Order 7/18/02). Petitioner had 90 days
10  thereafter to file a petition for writ of ceritorari. U.S.S.Ct. R. 13(1). Accordingly, Petitioner's
11  conviction became final on October 16, 2002, which entitles the application of both Apprendi
12  and Ring. However, Petitioner is not entitled to the retroactive application of Blakely, being
13  decided nearly two years after Petitioner's conviction became final.

14  As previously stated, Petitioner's habeas claim does not benefit from the application of
15  Apprendi or Ring, and Blakely may not be applied retroactively to Petitioner's case, because
16  it was finalized at the time the decision was rendered by the United States Supreme Court.
17  See Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005) (Blakely). Because Petitioner is not
18  entitled to the retroactive application of Blakely, his claim is without merit, and must be
19  denied.

20  For the foregoing reasons,

21  **IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation in its
22  entirety as the Order of the Court (Dkt. # 59)

23  **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is dismissed
24  with prejudice (Dkt. # 1).

25  **IT IS FURTHER ORDERED** denying the Request for Status as moot (Dkt. # 63).

26  DATED this 29th day of September, 2008.

27
28  _____
Mary H. Murguia
United States District Judge